IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY WHITAKER, | |
| *Petitioner,* | |
| v. | CIVIL ACTION |
| JOHN RIVELLO,[1] *et al.*, | NO. 19-4545 |
| *Respondents.* | |

# ORDER

**AND NOW**, this 12th day of June 2023, upon consideration of Rodney Whitaker's Petition for a Writ of Habeas Corpus (ECF 1), Respondents' opposition (ECF 26), and the Report and Recommendation of U.S. Magistrate Judge Lynne A. Sitarski (ECF 29), to which no objections were filed, it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF 29) is **APPROVED** and **ADOPTED**;[2]

---

[1] Kevin Kaufman, the previously named respondent and previous Superintendent of SCI Huntingdon, is substituted for John Rivello, the current Superintendent. *See* Rules Governing Section 2254 Cases, Rule 2 (requiring the current custodian be named as respondent).

[2] Judge Sitarski's well-reasoned R&R—to which Whitaker has not objected—recounts the factual and procedural background of this case. Briefly, Whitaker—in his single claim for relief—argues he is entitled to habeas relief because of newly discovered evidence, a *Brady* violation, ineffective assistance of trial counsel, ineffective assistance of PCRA counsel, violations of his Sixth and Fourteenth amendment rights, improper obstruction by government officials, and that exculpatory evidence was withheld at trial. *See* (Pet. 5–6, ECF 1). His claims revolve around the supposed existence of surveillance video, the contents of which he claims exonerate him of the murder to which he pleaded guilty.

When no objections are filed in response to a magistrate judge's R&R on a dispositive issue, the district court is not required to review the R&R before adopting it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record.

2. Whitaker's Petition for a Writ of Habeas Corpus (ECF 1) is **DENIED** and **DISMISSED** with prejudice by separate Judgment filed contemporaneously with this Order.  *See* Fed. R. Civ. P. 58(a); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

---

28 U.S.C. § 2254 permits the Court to grant habeas relief only if (1) the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

AEDPA "sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging state court action." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001).  Because Whitaker failed to appeal his May 17, 2015 sentence, the statute of limitations period started on April 18, 2015, thirty days after the date of his sentence. *See Commonwealth. v. Whitaker,* CP-51-CR-0007236-2013 at 1 (Pa. Ct. Com. Pls. Sep. 29, 2016); *see also* 28 U.S.C 2244(d)(1)(A) (the state of limitations period begins at the "conclusion of direct review or the expiration of the time for seeking such review.")  Whitaker's petition, filed on September 26, 2019, is untimely.

The statute of limitations is subject to two tolling exceptions: (1) statutory tolling during the time a "properly filed" application for state post-conviction review is pending in state court and (2) equitable tolling, which is a judicially crafted exception.  *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).  Neither exception applies.

The AEDPA statute of limitations was statutorily tolled while his PCRA petition was pending.  While statutory tolling stopped the clock on February 25, 2016, the limitations period started again on March 6, 2017, thirty days after the Superior Court dismissed his appeal.  *See Commonwealth v. Whitaker*, CP-51-CR-0007236-2013 at 1 (Pa. Ct. Com. Pls. Oct. 10, 2019) (recounting history of first PCRA petition).  Whitaker had until April 28, 2017 to file his petition, but again, Whitaker failed to file this petition until September of 2019.

A habeas petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  The Court agrees with Judge Sitarski that Whitaker has demonstrated no extraordinary circumstance.  *See* (R&R 7–8, ECF 29).

Finally, the statute of limitations may be tolled on a showing of actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To show actual innocence, Whitaker "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  Petitioner claims that video evidence exists that proves his innocence.  However, the Court agrees with Judge Sitarksi that Whitaker's claims are speculative, for he has failed to show the existence of any video, let alone that a video's contents exonerate him.  Finding no clear error on the record, the Court approves and adopts the R&R, and Whitaker's petition is denied with prejudice.

3. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 1153(c)(2), since he has not demonstrated that "reasonable jurists" would find the Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262-63 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012), and;

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
